UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIDEOJET TECHNOLOGIES, INC., an
    Illinois corporation,

                      Plaintiff,           CASE NO.: 8:07-CV-1407-JSM-MAP

v.

RAYMOND L. GARCIA, and CODING
SOLUTIONS, INC., a Florida corporation,

                        Defendants.
_____/

**DEFENDANTS RAYMOND L. GARCIA, and
CODING SOLUTIONS, INC'S DISPOSITIVE
MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE
STATEMENT WITH AND INCORPORATED MEMORANDUM OF LAW**

      **COMES NOW**, Defendants, Raymond L. Garcia and Coding Solutions, Inc., by and through their undersigned attorney, and moves to dismiss the Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, require a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure, or in the alternative grant summary judgment pursuant to Rule, 56, federal rules of Civil Procedure, and in support thereof states:

**PROCEDURAL HISTORY:**

      On or about January 17, 2007, Plaintiff brought this cause of action against the Defendants in the Circuit Court of the Eighteenth Judicial Circuit, State of Illinois, County of Dupage, Case Number 2006CH002435. The Plaintiff alleges that Defendant Garcia violated the terms of a noncompete agreement after he terminated his employment with the Plaintiff. At the

1

time that agreement was entered into, the current Plaintiff was not a party. Defendant's Garcia Agreement was with Videojet Systems International, Inc., not Videojet Technologies, Inc.

On or about January 26, 2007, Defendants filed with the Circuit Court of Dupage County a Notice of Removal pursuant to 28 U.S.C., Section 1441(a), asserting that Defendant Garcia was a citizen and resident of the State of Florida and Coding Solutions, Inc., was a Florida corporation doing business and with a principal place of business in Florida. On or about March 8, 2007, Defendants served a Notice of Motion and Defendants Garcia and Coding Solutions, Inc.'s Motion to Dismiss or in the Alternative to Transfer Venue; and To Stay All Discovery Obligations Pending This Court's Ruling.

On July 25, 2007, the United States District Court for the Northern District of Illinois transferred this cause of action to the United District Court for the Middle District of Florida. Plaintiff served Notice of the Appearance of Brett Wadsworth, LC, as counsel for the Defendants and sought a Motion for Extension of Time within which to respond to the Plaintiff's Complaint. The Court granted the Defendants Motion for an Extension of Time within which to respond to the Plaintiff's Complaint.

At no time since this litigation ensued has the Plaintiff sought temporary injunctive relief.

**MOTION TO DISMISS STANDARD**

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to assert a claim for relief beyond a speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 167 L.Ed 929 (2007); Berry v. Budget Rent A Car Systems, Inc. 497 F.Supp.2d 1361 (S.D. Fla. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds'

of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u> at 1964-65. Assuming the facts to be true, dismissal shall be granted "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." <u>Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir.1993).

**<u>CHOICE OF LAW</u>**

In this cause of action, the Plaintiff requests this Court grant injunctive relief against Defendant Garcia for a violation or the noncompete agreement between Defendant Garcia and Videojet Systems International, Inc. In addition, Plaintiff seeks damages against Defendant Garcia and, damages against the corporate entity, Coding Solutions, Inc., for interfering with the noncompete agreement.

Before the Court can determine whether dismissal is appropriate, it must first determine the law that is to be applied. The noncompete agreement attached to the Complaint as Exhibit A, notes that Illinois law shall apply. Plaintiff brought this cause of action under the laws of the State of Illinois. But, Plaintiff seeks to restrict the actions of the Defendants in the State of Florida.

In diversity cases, the Court should apply the law of the state within which the Court sits. <u>See</u>, <u>Echo, Inc., v. Whitson Company</u>, 52 F. 3rd 702, 706 (7th Cir. 1995), <u>citing</u>, <u>Klaxon v. Stentor Electric Mft, Co.</u>, 313 U.S. 487, 61 F. Ct. 1020, 85 L. Ed. 1477 (1941). Florida Law provides that when parties choose the law under which a contract will be governed, the court should honor that choice unless to do so would be against the public policy of the forum state. <u>Department of</u>

Motor Vechicles v. Mercedes Benz of North America, Inc., 408 So.2d 627 (Fla. 2nd DCA 1981). Illinois law provides that a contractual choice of law provision will be enforced unless the law is "repugnant to a strong and fundamental policy of Illinois", or there is no relationship between the parties in the state whose law is to be applied. ISC Bunker Raymo Corp. V. Alltech, Inc., 765 F. Supp. 1310, 1335 (N.D. Ill. 1990); Curtis 1000, Inc., v. Suess, 843 F. Sup. 441, 445 (C.D. Ill. 1994), citing, Potomac Leasing Company v. Chuck's Pub, Inc., N.E. 2d 751, (Ill. App. Ct. 1987). At first blush, it would seem that the laws of the two states are similar in their application. See, Punzi v. Shaker Advertising Agency, Inc., 601 So2d 599 (Fla. 2nd DCA 1992).

In dealing with tort issues, Florida relies upon the most significant relationship test. Trumpet Vine Investments v. Union Capital Partners, 92 F.3d 1110 (11th Cir.1996); Restatement (Second) of Conflict of Laws. The court must take into account the "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145 (1971).

In the matter at hand, there are subtle differences in each state's law that render the noncompete agreement unenforceable.

**GEOGRAPHIC AREA**

The noncompete agreement set forth in Exhibit A does not contain a geographic limitation. Under Florida law, the legislature has mandated in Section 542.335, (1)(b)(b), Florida Statutes that a noncompete provision seeking to protect a legitimate business interest, must

contain a geographical limitation.  See, Snelling & Snelling, Inc., v. Reynolds 140 F.Supp2d 1314 (M.D. Fla.  2001)(there the ten-mile geographic limitation was reasonable).  No reported case was found construing the total lack of a geographic location as required under Section 542.335, Florida Statutes, as we have in this case.  Florida's prior statute Section 542.33, Florida Statute, imposed a "reasonably limited area" that permitted the court to fashion a reasonable area.  See, Kenco Chem. & Mfg. Co., v. Railey, 286 So.2d 272 (Fla. 1st DCA 1973); Santana Prods. Co., v. VonKoff, 573 So. 2d 1027 (Fla. 2d DCA 1991).  It is submitted that the change in the statute requiring an area of limitation, removed the right of the court to determine a geographic area.

Although Illinois law does not provide a legislative restriction, courts have found that a covenant not to compete that lacks any geographical limitation is unreasonable and unenforceable.  Lawrence and Allen, Inc., v. Cambridge Human Recourse Group, Inc., 685 N.E.2d 434 (Ill. 2d Dist. App. 1997).  In Lawrence the court found that a noncompete restriction was found to be unenforceable due to the lack of a reasonable geographic limitation.  There the court refused to accept the proponents argument that a nationwide restriction could be imposed.

Similarly, in Jefco Laboratories, Inc. v. Carroo, 483 N.E.2d 999 (Ill. App. Ct. 1985) the court ruled that the covenant was void because no geographic limitation existed.  There the covenant precluded the sale of products similar to that sold by Jefco.  In that this related to a noncompete provision, the provision could not be enforced.  This differs from the situation where the restriction only applies to a non-solicitation provision under Illinois law.  A strictly non-solicitation provision does not require a geographic area.  Arpac Corp. v. Murray, 589 N.E.2d 640 (Ill. App. Ct. 1992).

5

Because the agreement lacks a geographic limitation, irrespective of whether Florida or Illinois laws were applied, the agreement would be unenforceable.

**TIME LIMITATION**

The post employment time limitation in the noncompete agreement is for one year, but if litigation ensues, the time limitation continues. Florida law presumes that a restriction of competition for employees to compte less than six months is reasonable, while a restriction greater than two years is unreasonable. Section 542.335, (1)(d)1, Florida Statutes. See, Milner Voice and Data, Inc,. v. Tassy, 377 F.Supp.2d 1209 (S.D. Fla. 2005)(two years restriction in a non-solicitation restriction found to be reasonable); Balasco v. Gulf Auto Holding, Inc., 707 So.2d 858 (Fla. 2nd DCA 1998)(three year non-piracy agreement was presumptively unreasonable, and was limited to two years).

Illinois law finds that a limitation of two to three years to be reasonable. See, Jefco, supra; Tomei v. Tomei, 602 N.E. 2d 23 (Ill. App. Ct. 1992)(permitted a three year limitation period).

Although the limitation of one year under the agreement would be reasonable, by attempting to extend the time period beyond the one year period renders the noncompete provision unenforceable. As a general rule, the terms of a contract cannot be extended by utilizing injunctive relief. Vela v. Kendall, 905 So.2d 1033 (Fla. 5th DCA 2005). During the pendency of Vela, Kendall, doing business as Quality Homes, did not seek a temporary injunction. By the time that case came to a close, the time period agreed to between the parties had expired. The Court found that since Quality was awarded damages, it was fairly

compensated for its loss and that to impose an additional limitation would extend the time period beyond which the parties had agreed.

Illinois law provides for an extension of time equal to the time when the violation commenced until it terminated. Prairie Eye Center, LTD. v. Butler, 768 N.E.2d 414 (Ill. App. Ct. 2002). There the court found that the trial court could extend the injunction period beyond the ending date by the same amount of time that the Defendant was in violation of the agreement. Other Illinois courts have found that an extension is not warranted.

Defendant Garcia terminated his employment on September 8, 2006. Pursuant to the terms of the agreement, Defendant Garcia would be prevented from engaging in conduct contrary to the terms of the agreement for a period of one year from that date. The time within which Defendant Garcia would have been prevented from engaging in conduct protected by the agreement expired on September 8, 2007. Had litigation not been sought, there would have been no reason to extend the limitation period. The Plaintiff has not sought any injunctive relief to protect its interest. The Plaintiff should not be awarded for sitting back and not attempting to protect its business interests.

There is no legitimate purpose for extending the one year time period as expressed in the agreement. The extension provision of the agreement does not relate to the time within which Defendant was in violation. It relates to the term of litigation which has no perceived or determinable ending date at the time the parties entered into the agreement. The extension would be speculative at best and totally illusory. It is conceivable that the time period would be extended well beyond the time found to be reasonable under both Florida and Illinois law. The

extension provision is clearly intended to force a resolution in the event the Plaintiff decides to sue. It is not intended to protect a legitimate interest and is unenforceable under both Florida and Illinois law.

**PERSONAL SERVICE CONTRACTS**

Defendant Garcia in 1999 was employed by Videojet Systems International, Inc., not Videojet Technologies, Inc. The pleadings do not disclose how this Plaintiff assumed the rights of the previous employer. There is no assertion that the rights were assigned or that Defendant Garcia consented to the assignment.

Under Florida law, personal service employment contracts containing a noncompete provision are unenforceable unless the former employee consents to the assignment. Corporate Express Office Products, Inc. v. Phillips, 847 So. 2d 406 (Fla. 2003); Wolf v. James G. Barrie, P.A., 858 So. 2d 1083 (Fla. 2nd DCA 2003); Sun Group Enterprises, Inc. v. DeWitte 890 So.2d 410 (Fla. 5th DCA 2004). In Corporate Express, the Florida Supreme Court distinguished the difference between a stock and an asset purchaser's rights to enforce a personal service contract. There the court found that the purchaser of stock that then merged the corporation purchased into another and then change its name, could enforce a noncompete provision of an employment agreement. But, conversely, the purchaser of the assets of a corporation could not enforce the provisions of a noncompete agreement, without consent of the employee.

Illinois Law

Illinois law is not as clear as Florida law as to whether a personal service contract containing a noncompete prevision is assignable. Illinois has no statutory scheme concerning

noncompete provisions. Without a legislative expression, the Courts have had to created rules regulating noncompete provisions. In doing so, the Courts have found that a successor employer may enforce a noncompete provision entered into by the employee and the previous employer if there has been no change in the employee's duties and obligations, and/or if the employee fails to object and accepts the benefits of employment with the successor entity. See, Munchak Corp. v. Cunningham, 457 F.2d at 721 (4th Cir. 1972); Hexacomb Corp. v. GTW Enterprises, Inc., 875 F.Supp. 457 (N.D. Ill.1993)(continued employment at same job deemed an acceptance); Peters v. Davidson, Inc., 359 N.E.2d 556 (Ind. App.1977).

The Plaintiff has failed to plead the reason why the business entity under which Defendant Garcia signed the agreement has been changed. If the name change was brought about by an asset purchase, the noncompete restriction would be unenforceable under Florida law. Plaintiff must be required to plead why it claims the right to enforce a noncompete agreement to which it is not a party.

**CONCLUSION**

Plaintiff seeks redress against a Florida corporation in this court located in Florida. Defendants assert that even though the forum selection clause specified that the agreement is to be interpreted under Illinois law, Florida law would be the most appropriate for interpretation of the facts and application of law to those facts. None the less, even if Illinois law were applied, the law would mandate that the agreement be found unenforceable.

Here there is no information that specified how Videojet Technologies, Inc., obtained the right to enforce an agreement entered into between Defendant Garcia and Videojet Systems

9

International, Inc. The agreement contains an unreasonable time and geographic limitation. If as the pleadings indicate, Videojet Technologies, Inc., is a multinational corporation doing business all over the world, would one say Defendant Garcia is enjoined from doing work anywhere Videojet products are sold. To extend the agreement beyond the one year base during litigation is also patently unreasonable. Because of the deficiencies in the pleadings and the agreement itself, Defendant seeks this Court dismiss the complaint or require the Plaintiff to more fully restate its allegations. In the alternative the Court could grant summary judgment because even if the facts asserted by the Plaintiff were true, Defendant would prevail as a matter of law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on September 12, 2007, with the Clerk of the Court by using CM/ECF system which will send electronic filing to the following Constantine W. Papas, Esquire, 201 North Franklin Street, Suite 2200, Tampa, Florida 33602, J. Kevin Hennessy, Esquire and Jon Paul McCarty, Esquire, 222 North LaSalle Street, Suite 2600, Chicago, Illinois, 60601, Lorne Saeks, Esquire, Anthony C. Valiulis, Esquire, and Laura A. LeeLun, Esquire, 191 North Wacker Drive, Suite 1800, Chicago, Illinois 60605.

BRETT WADSWORTH, LC
*/s/ Brett Wadsworth*
Brett Wadsworth, Esquire
P.O. Box 270118
Tampa, Florida 33688
(813) 926-8862
Fl. Bar No.: 47988
Attorney for Defendants